## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>HOUSING AUTHROITY,<br><br>and<br><br>RICHARD WHITE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Case No. 15-1144 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FILED**

MAR 2 1 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### MEMORANDUM OPINION
(March 21, 2016) [Dkt. #6]

Plaintiff Keith Washington filed a Complaint in the Superior Court of the District

of Columbia ("D.C. Superior Court") against the District of Columbia Housing Authority

("DCHA" or "the agency") and Richard White, alleging employment discrimination in

violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e)

*et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621

*et seq.*, and the District of Columbia Human Rights Act of 1977 ("DCHRA"), D.C. Code

§§ 2-1401.01 *et seq.* Notice of Removal Ex. 1 ¶¶ 1–2 [Dkt. #1] [hereinafter "Complaint"].

Additionally, plaintiff asserts District of Columbia common law claims against defendants

regarding his separation from the DCHA. Compl. 1. Currently before the Court is

defendants' Motion to Dismiss plaintiff's claims pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6). Defs.' Mot. to Dismiss [Dkt. #6]. Upon consideration

of the parties' pleadings, the relevant law, and the portions of the record identified below, the Court GRANTS partial summary judgment in favor of defendants and GRANTS, in part, and DENIES, in part, defendants' Motion to Dismiss for the following reasons.

## BACKGROUND

Plaintiff Keith Washington worked for the DCHA as a photographer from March 15, 1998 to March 11, 2015. Compl. ¶¶ 10–11, 63. In February 2014, defendant Richard White became the DCHA's director of public affairs and plaintiff's supervisor. Compl. ¶ 34. On June 10, 2014, plaintiff filed a complaint with the DCHA's human resources office alleging defendant White had created a hostile work environment by repeatedly disregarding, disrespecting, and verbally abusing plaintiff. Compl. ¶ 3; Defs.' Reply Ex. 1-A, at 2 [Dkt. #10-1]. The DCHA then underwent a reduction in force ("RIF") and reorganization. Compl. ¶ 47(d)–(e). On February 9, 2015, plaintiff was notified that his position was to be abolished. Compl. ¶ 27. Plaintiff declined an offer to move to a different position within the agency that came with a lower salary, Compl. ¶ 48, and was accordingly separated from the DCHA, Compl. ¶ 52. Plaintiff was 47 years old at the time. Compl. ¶ 61. On March 6, 2015, plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination with the District of Columbia Office of Human Rights, alleging age discrimination in violation of the ADEA. Defs.' Mot. to Dismiss Ex. 7.

Plaintiff filed this Complaint in D.C. Superior Court on June 8, 2015. Notice of Removal ¶ 1. On July 17, 2015, defendants removed this case to federal court pursuant to 28 U.S.C. § 1441 on the grounds that plaintiff had alleged violations of federal law—

namely Title VII and the ADEA. Notice of Removal ¶¶ 2–3. Counts I through IV are common law claims over which the Court exercises supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Count I is promissory estoppel, alleging plaintiff would not have stayed at the DCHA had he not been led to believe his job was secure. Compl. ¶¶ 16–25. Count II is constructive discharge, claiming plaintiff chose not to accept reassignment because he could no longer tolerate defendant White's pervasive harassment. Compl. ¶¶ 26–39. Count III is intentional and malicious interference with an implied employment contract; plaintiff alleges defendant White carried out a successful campaign to terminate plaintiff's employment, which was waged using tactics such as refusing to allow plaintiff the resources necessary to do his job, verbally abusing plaintiff, misleading superiors into thinking plaintiff was not performing well, and ultimately by ensuring plaintiff's position was eliminated in the RIF. Compl. ¶¶ 40–52. In Count IV, retaliatory discharge, plaintiff claims defendant White had his position abolished in the RIF. Compl. ¶¶ 53–59. Throughout his common law claims, plaintiff alleges defendant White's conduct was motivated by a "personal vendetta" against plaintiff and by a desire to eliminate plaintiff's salary from the department of public affairs' budget, giving defendant White additional funds to employ his own friends. Compl. ¶¶ 43, 48, 55, 57.

In Count V, plaintiff alleges age discrimination in violation of the ADEA, claiming defendants used the RIF as a means to discriminate against him on the basis of his age. Compl. ¶¶ 60–70. Outside of the Complaint's enumerated counts, plaintiff also claims defendants discriminated against him because of his age in violation of the DCHRA and Title VII. Compl. ¶¶ 1–2.

## STANDARD OF REVIEW

### I.      Federal Rule of Civil Procedure 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss is warranted when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a court must dismiss a plaintiff's complaint if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When analyzing a plaintiff's claims, the Court must "treat the complaint's factual allegations as true" and "grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks omitted). But "the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Finally, the Court "may

consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## II.    Federal Rule of Civil Procedure 56

When a defendant presents a non-jurisdictional argument that a plaintiff failed to exhaust administrative remedies, that argument is an affirmative defense. *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (citing *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985)). The defendant bears the burden of producing evidence demonstrating non-exhaustion. *Id.* The plaintiff must then rebut the defendant's evidence or "prov[e] facts supporting equitable avoidance of the defense." *Id.* If a district court refers to materials outside the pleadings in resolving a 12(b)(6) motion alleging non-exhaustion of administrative remedies, it must convert the motion to dismiss into one for summary judgment and may provide the parties an opportunity to present evidence in support of their positions. *See* Fed. R. Civ. P. 12(d); *Kim v. United States*, 632 F.3d 713, 719 (D.C. Cir. 2011); *see also Mackinac Tribe v. Jewell*, 87 F. Supp. 3d 127, 139 (D.D.C. 2015) (even without providing notice of potential conversion, "where both parties have cited documents or provided evidence outside the pleadings with respect to the issue of exhaustion, a court may fairly convert a motion to dismiss for lack of exhaustion to a motion for summary judgment under Rule 56") (internal quotation marks omitted). "[A] district court can consider a summary judgment motion when it is satisfied that the parties are not taken by surprise or deprived of a reasonable opportunity to contest facts averred outside the

pleadings and the issues involved are discrete and dispositive." *Hamilton v. Geithner*, 743 F. Supp. 2d 1, 8 (D.D.C. 2010) (quotations and citation omitted).

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the burden is on the movant to show that there is no dispute of material fact, the non-moving party also bears the "burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The non-moving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* The court must accept as true the evidence of, and draw "all justifiable inferences" in favor of, the party opposing summary judgment. *Id.* at 255. A genuine issue exists only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

## DISCUSSION

### I.  Exhaustion of Administrative Remedies

Defendants argue plaintiff was required to pursue his common law claims administratively under the District of Columbia's Comprehensive Merits Personnel Act ("CMPA") before filing a complaint in court. Defs.' Mot. to Dismiss Ex. 1, at 11–13 [Dkt. #6] [hereinafter "Defs.' Mem."]. The CMPA "establish[es] impartial and comprehensive administrative or negotiated procedures for resolving employee grievances." D.C. Code § 1–601.02(a)(5). "With few exceptions, the CMPA is the exclusive remedy for a District of Columbia public employee who has a work-related

6

complaint of any kind." *Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000).

Court "is not an alternative forum in this scheme, but rather serves as a last resort for

reviewing decisions generated by CMPA procedures."[1]   *Id.* (internal quotation marks

omitted).

Defendants frame their CMPA exhaustion argument as implicating the Court's

subject-matter jurisdiction.   Defs.' Mem. 10–13.   While the District of Columbia courts

treat the CMPA's exhaustion requirement as jurisdictional, *see, e.g.*, *Robinson*, 748 A.2d

at 411 n. 4, our Circuit Court has not decided whether federal courts should follow suit or

whether they should treat a failure to exhaust remedies under the CMPA as a prudential

concern, *see Johnson v. District of Columbia*, 552 F.3d 806, 810 n.2 (D.C. Cir. 2008); *see*

*also Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004) (distinguishing

between prudential and jurisdictional concepts of exhaustion).   Mirroring our Circuit

Court's approach in *Johnson*, I find the exhaustion requirement applies regardless of

whether it "is better understood as jurisdictional or nonjurisdictional in federal court." 552

F.3d at 810, n.2; *see also Payne v. D.C.*, 592 F. Supp. 2d 29, 35 (D.D.C. 2008)

("[F]ederalism and comity considerations favor the application of exhaustion requirements

regardless of how they are characterized.") (internal quotation marks omitted).

Because I decline to wade into the thicket of the CMPA exhaustion requirement's

jurisdictional nature, I will construe defendants' motion to dismiss plaintiff's common law

---

[1] While the CMPA covers virtually all work-related complaints, "it is not the remedy for discrimination complaints, such as those arising under Title VII." *Durant v. District of Columbia*, 932 F. Supp. 2d 53, 67 (D.D.C. 2013) (citing *King v. Kidd*, 640 A.2d 656, 664 (D.C. 1993)); *see also Coleman v. District of Columbia*, 80 A.3d 1028, 1033 n.7 (D.C. 2013) ("The CMPA does not foreclose claims arising under the [DCHRA].").

claims as arguing plaintiffs have failed to state a claim. *Johnson v. District of Columbia*, 368 F. Supp. 2d 30, 36 (D.D.C. 2005), *aff'd*, 552 F.3d 806 (D.C. Cir. 2008) (a plaintiff fails to state claims where he does not "demonstrate that a necessary precondition to judicial review of those claims has been satisfied"). The Court notes, however, that both defendants and plaintiff have attached exhibits to their briefings to support their arguments regarding CMPA exhaustion. Given that both sides, represented by counsel, filed and rely on exhibits to support their arguments on this issue, I am satisfied they had a reasonable opportunity to present evidence and will thus convert defendant's Motion to Dismiss the common law claims to a motion for partial summary judgment. *See Mackinac Tribe*, 87 F. Supp. 3d at 139.

Plaintiff does not dispute that his common law claims are governed by the CMPA.[2] For such claims, "the CMPA procedure must be the first remedy for District employees."[3] *Owens v. District of Columbia*, 923 F. Supp. 2d 241, 249 (D.D.C. 2013). Plaintiff argues he pursued administrative remedies by filing his hostile work environment claim with human resources in June 2014. Pl.'s Mem. in Opp'n 1–5 [Dkt. #7] [hereinafter "Pl.'s

---

[2] It is important to recall plaintiff's common law claims do not allege discrimination or retaliation for opposition to discriminatory practices. *See* Compl. ¶¶ 43, 48, 55, 57.

[3] The Court need not resolve the matter of which administrative remedies specifically plaintiff was required to pursue under the CMPA. *Compare* D.C. Code §§ 1-605.02(3); -617.04(b)(1) (vesting jurisdiction in the D.C. Public Employee Relations Board to hear allegations that a union engaged in unfair labor practices) *with id.* §§ 1-624.04, .08 (providing employees who receive notice they have been identified for separation from their positions through a RIF may file an appeal with the D.C. Office of Employee Appeals ("OEA")). Since at the very minimum "a substantial question exist[s] as to whether" plaintiff's common law claims fall "within the ambit of the CMPA, [plaintiff] was . . . required in the first instance to invoke the CMPA's" procedures. *White v. District of Columbia*, 852 A.2d 922, 925 (D.C. 2004). The question of which administrative body, if any, has jurisdiction is then one to be answered first at the administrative level. *Cf. id.* at 926 ("The determination whether the OEA has jurisdiction is quintessentially a decision for the OEA to make in the first instance.") (internal quotation marks omitted).

Mem."]. However, even though some of the alleged facts overlap, the claims asserted in plaintiff's Complaint concern his *separation* from the DCHA in 2015 and are therefore distinct from his June 2014 hostile work environment claim. Plaintiff does not contend to have pursued any CMPA remedies for his present common law claims, and therefore his failure to exhaust is undisputed. *See Mpoy v. Fenty*, 870 F. Supp. 2d 173, 179 (D.D.C. 2012). Nor does plaintiff argue any exception to the exhaustion rule applies or any equitable doctrine counsels against strict enforcement of the exhaustion requirement in regards to the claims raised in his Complaint.[4] I accordingly GRANT partial summary judgment in favor of defendants as it applies to plaintiff's common law claims.[5]

## II.   ADEA Claim

Defendants claim that plaintiff fails to state an ADEA claim without arguing that he failed to exhaust his ADEA remedies. Defs.' Mem. 24–25; Defs.' Reply 12. Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge . . . or

---

[4] Plaintiff does object to how the DCHA handled his July 2014 hostile work environment complaint, alleging that the agency failed to release the report of its investigation or a final ruling and that the DCHA's failure to conclude the proceeding constitutes unreasonable delay under *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). Pl.'s Mem. 3–5. Plaintiff fails to explain, however, how the status of his July 2014 claim bears on his duty to exhaust CMPA remedies for the claims related to his separation from the DCHA in 2015. I therefore fail to see this contention's relevance.

[5] Defendants further argue plaintiff failed to exhaust administrative remedies for his Title VII and DCHRA claims. Defs.' Mem. 13–14. Defendants also maintain that the Complaint's "mere passing references" to Title VII and the DCHRA are insufficient to meet Rule 8(a)(2)'s requirement that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Defs.' Mem. 15 (quoting Fed. R. Civ. P. 8(a)(2)). Defendants rely only on plaintiff's Complaint and EEOC Charge, and therefore I will analyze the issue under Rule 12(b)(6) and not Rule 56. *See Laughlin v. Holder*, 923 F. Supp. 2d 204, 209 (D.D.C. 2013) (stating a plaintiff's formal administrative complaint is a public record subject to judicial notice). Unfortunately, plaintiff makes no attempt to respond to these arguments in his opposition. Therefore, I do not consider their merits, but instead find them to be conceded. I shall therefore dismiss the Title VII and DCHRA claims. *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (finding it proper to consider arguments conceded when not addressed in the opposition to a motion to dismiss).

otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). In essence, defendants argue that plaintiff's allegations are insufficient to "create a prima facie claim of age discrimination" because plaintiff failed to identify a specific individual outside of the ADEA's protected class who was treated more favorably than he in the RIF or to allege he was replaced by someone outside the protected class. Defs.' Mem. 25; Defs.' Reply 12. Defendants' exclusive citation to summary judgment cases, *see* Defs.' Mem. 24, however, is misplaced because at the *motion to dismiss stage*, "a plaintiff need not plead facts establishing a prima facie case" in order to state an ADEA claim. *Montgomery v. Omnisec Int'l Sec. Servs., Inc.*, 961 F. Supp. 2d 178, 183 (D.D.C. 2013); *see also Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008). Instead, a plaintiff must only "plead sufficient facts to show a plausible entitlement to relief." *Fennell v. AARP*, 770 F. Supp. 2d 118, 127 (D.D.C. 2011); *cf. Montgomery*, 961 F. Supp. 2d at 183 ("There are two essential elements of an age discrimination claim under the ADEA: (1) that the plaintiff suffered an adverse employment action, (2) because of the plaintiff's age."). Defendants cite no authority stating a plausible ADEA claim must contain the precise details or elements they argue are missing here. *But see, e.g., Sparrow*, 216 F.3d at 1114 (reversing district court's dismissal of an ADEA claim for failure to specifically "point[] to any similarly situated employees who were given preferential treatment over him"); *Matuskey v. Medlantic Healthcare Grp.*, No. 96-1594, 1997 WL 161952, at \*4 (D.D.C. Apr. 3, 1997) (plaintiff alleging discrimination through the elimination of her position in a RIF must ultimately establish

not that she was *replaced* by but that she was "*disadvantaged* in favor of a younger person.") (emphasis added).

Indeed, as plaintiff argues, his factual allegations regarding his ADEA claim are sufficient to survive a motion to dismiss. Pl.'s Mem. 10. Plaintiff stated he is 47 years of age and that he therefore falls within the ADEA's protected class. Compl. ¶ 61. He claims to have been "eminently qualified" for his position and provides details regarding his credentials, experience, and the positive feedback he received from supervisors. Compl. ¶ 62. Plaintiff alleges that on March 11, 2015, his position was abolished and that his pension and earnings were negatively affected. Compl. ¶ 68, 70. He further claims "the RIF served as a mere pretext to terminate [him] because of his age," Compl. ¶ 67, that defendants intended to discriminate against him based on his age, Compl. ¶ 69, and that other DCHA employees outside of the ADEA's protected class were treated more favorably than he was, as they were not discharged in the RIF, Compl. ¶ 64. Finally, plaintiff claims that after his position was abolished, defendant White told him directly, "[T]oo bad you didn't fit in." Compl. ¶ 69. Accepting these allegations as true, they "'give the defendant[s] fair notice of what [his] . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), and give plaintiff's ADEA claim facial plausibility by including "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct

alleged," *Iqbal*, 556 U.S. at 678.  I must, therefore, DENY defendants' motion to dismiss plaintiff's ADEA claim.[6]

## CONCLUSION

Thus, for the foregoing reasons, the Court GRANTS summary judgment in favor of the defendants as to plaintiff's common law claims, GRANTS defendants' motion to dismiss as to plaintiff's Title VII and DCHRA claims, and DENIES defendants' motion to dismiss as to plaintiff's ADEA claim.  An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[6] Defendants also argue the union-negotiated settlement agreement "fully and finally resolve[ed] all claims [plaintiff] may have against the DCHA related to his separation" and that he is therefore precluded from bringing his discrimination claim in court.  Defs.' Mem. 25.  The purported settlement agreement is not referenced in the Complaint.  Defendants attached it as an exhibit to their Motion.  Defs.' Motion to Dismiss, Ex. 5.  Evaluation of this argument would require the Court to consider matters outside of the pleadings and convert this portion of defendants' Motion to one for summary judgment.  *Mackinac Tribe*, 87 F. Supp. 3d at 139.  Plaintiff maintains defendant has improperly requested this Court resolve factual disputes at the motions to dismiss stage regarding the RIF and requests discovery.  Pl.'s Mem. 5.  It would therefore be unfair and premature to convert to summary judgment here, because both sides should be given "an opportunity to present a fully developed record" on the circumstances surrounding the RIF.  *Search v. Uber Techs., Inc.*, No. 15-257, 2015 WL 5297508, at *3 (D.D.C. Sept. 10, 2015).